UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-CV-21575-FAM

ALEXANDRE DACCACHE,
on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

RAYMOND JAMES FINANCIAL, INC. d/b/a
RAYMOND JAMES, RAYMOND JAMES &
ASSOCIATES, INC., ARIEL QUIROS,
WILLIAM STENGER and JOEL BURSTEIN,

    Defendants.

_____/

## RAYMOND JAMES FINANCIAL INC.'S
## MOTION TO DISMISS COUNTS III, IV, V, AND VI

    Defendant Raymond James Financial, Inc. ("RJFI") moves to dismiss Plaintiff Daccache's suit in which it is alleged to be liable for the actions of its subsidiary Raymond James & Associates, Inc. ("Raymond James") in following its customer's instructions. Plaintiff has alleged no basis whatsoever for liability against parent company RJFI.[1]

    Instead, Plaintiff simply lumps RJFI together with Raymond James in a transparent attempt to evade well-established limits on RJFI's corporate liability. Plaintiff's conclusory allegations against RJFI do not meet minimum pleading requirements because Plaintiff fails to allege a single action by RJFI specific to Plaintiff's claims. Nor does Plaintiff allege any basis for disregarding the corporate form and rendering RJFI responsible for the alleged acts of Raymond James.

    Further, Plaintiffs' claims sounding in fraud are not pleaded with the particularity required by Fed. R. Civ. P. 9(b). As detailed below, Plaintiff's claims against RJFI should be dismissed with prejudice.

---

[1] RJFI also joins in and incorporates the arguments set forth in Raymond James's Motion to Dismiss [D.E. 43].

## ARGUMENT

**I.      Plaintiff Fails to Plead Sufficient Facts to State a Claim Against RJFI.**

To survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be more than mere speculation and the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Id.* (citations omitted).  A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Legal conclusions are insufficient to support a claim; they must be supported by factual allegations.  *See id.*, at 679.  Notably, mere "labels and conclusions" or "legal conclusion couched as a factual allegation" are not accepted as true. *Twombly,* 550 U.S. at 555 (citations omitted).  The conclusory nature of such allegations "disentitles them to the presumption of truth." *Iqbal,* 556 U.S. at 681.  *See also Mamani v. Berzaín*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth.").

Furthermore, the pleading requirements of Rule 8 and Rule 9 do not permit a plaintiff to lump multiple defendants together under a single count.  A plaintiff must specify which defendant allegedly committed which purported act.  *See Centrifugal Air Pumps Australia v. TCS Obselete*, LLC, No. 6:10–cv–820–Orl–31DAB, 2010 WL 3584948, at *2 (M.D. Fla. Sept. 9, 2010); *Bruhl v. PricewaterhouseCoopers International*, No. 03–23044–Civ, 2007 WL 997362, *4 (S.D. Fla. March 27, 2007) ("Because Plaintiffs fail to differentiate between CGL and CFS, and do not expressly allege any of the necessary elements of a securities fraud claim listed above as being committed by CGL, the SAC does not comply with Federal Rules of Civil Procedure 8(a). . . ."); *Great Florida Bank v. Countrywide Home Loans, Inc*., No. 10–22124–Civ, 2011 WL 382588 , at *3 (S.D. Fla. Feb. 3, 2011) ("[W]hen alleging fraudulent conduct and statements, a plaintiff may not lump together defendants when it will obscure the identity of the party that has committed the alleged act."); *Professional LED Lighting, Ltd. v. AAdyn Technology, LLC*, 88 F.Supp.3d 1356, 1373 (S.D. Fla. 2015) (Rule 9(b) requires a plaintiff to notify each defendant of its role in the alleged fraud and prevents a plaintiff from merely "lumping together" multiple defendants.).

Here, the sole allegation as against RJFI is that it "is a diversified financial services holding company with subsidiaries engaged primarily in investment and financial planning, in addition to investment banking and asset management." (Compl. ¶ 10.) Plaintiff then improperly lumps RJFI and Raymond James together as "Raymond James". (Compl. ¶ 11.) There is no allegation that RJFI did anything other than be the parent company of Raymond James. The complete absence of allegations against RJFI falls far short of the pleading standards set forth above. Because Plaintiff fails to allege a single fact to establish that RJFI engaged in any action or inaction, he fails to plead any plausible basis for the claims asserted against RJFI. For this reason alone, the claims against RJFI should be dismissed.

**II.     Plaintiff Does Not Allege A Basis For Disregarding RJFI's Corporate Form.**

Under Florida law, a parent is separate and distinct from its subsidiary and both are considered separate entities. *See Pompano Helicopters, Inc. v. Westwood One, Inc.*, No. 07–61737–Civ, 2009 WL 1515276, at \*6 (S.D. Fla. May 29, 2009); *American Intern. Group, Inc. v. Cornerstone Businesses, Inc.*, 872 So. 2d 333, 336-37 (Fla. 2d DCA 2004). The corporate veil may be pierced "in only the most extraordinary cases." *Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd*, No. 05-60055-CIV, 2011 WL 1232986, at \*6 (S.D. Fla. 2011) (citations omitted). Unless a parent operates a subsidiary as a mere instrumentality for an improper purpose, or the subsidiary is the alter ego of the parent such that the veil is pierced, a parent is not responsible for the acts of its subsidiary.[2] *See U.S. v. Bestfoods*, 524 U.S. 51, 61-62 (1998) (discussing hornbook principle that parent is not liable for acts of subsidiary).

Plaintiff makes no allegation of veil-piercing, let alone of a single fact that would warrant disregarding RJFI's corporate form. Plaintiff does not allege that Raymond James is a "mere instrumentality" of RJFI, that Raymond James was used as a device to accomplish some fraud or illegal purpose, that RJFI has used the corporate forms for an improper purpose, or that either RJFI or Raymond James failed to respect and observe corporate formalities and identities. In

---

[2] "A party seeking to pierce the corporate veil and hold a parent corporation liable for the actions of its subsidiary must prove: (1) that the subsidiary was a "mere instrumentality" of the parent, and (2) that the parent engaged in "improper conduct" through its organization or use of the subsidiary." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc*., 162 F.3d 1290, 1320 (11th Cir. 1998) (citing *Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117–21 (Fla. 1984)). Improper conduct is present only in " 'cases in which the corporation was a mere device or sham to accomplish some ulterior purpose ... or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.' " *Id.*

3

sum, Plaintiff does not allege any reason to disregard the corporate form and hold RJFI liable by virtue of its status as the parent of Raymond James. *See Christie v. Bank of Am., N.A.*, 813-CV-1371-T-23TBM, 2014 WL 5285987, at *6 (M.D. Fla. 2014) (allegations against bank holding company were "wholly conclusory and insufficient to support disregarding the corporateness of Bank of America Corporation's subsidiary"); *Gillespie v. HSBC North America Holdings, Inc.*, No. 5:05–cv–362–Oc–10GRJ, 2006 WL 2735135, at *5 (M.D. Fla. 2006) (applying Florida law) (dismissing complaint against parent bank holding company as complaint failed to allege facts showing applicability of any theory on which parent could be held liable for acts of banking subsidiary).

### III. Plaintiff's RICO Claim (Count V) and RICO Conspiracy Claim (Count VI) Fail Because the Mail/Fraud Predicate Acts are not Pled With the Required Specificity.

To state a substantive RICO claim against based on mail and wire fraud, the Plaintiff must plead – **with heightened particularity** – sufficient facts to demonstrate a plausible case that the defendant: (1) directed the RICO enterprise's affairs (2) with a conscious knowing intent to defraud (i.e., scienter) (3) through deception (i.e., "racketeering activity"), and (4) the deception directly injured the Plaintiff.[3] *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (emphasis added). These elements must be alleged "**with respect to each defendant's participation in the fraud**." *Id.* (emphasis added); *see Viridis Corporation v. TCA Global Credit Master Fund, LP*, No. 1:15–cv–61706–UU, 2015 WL 9688202, at *11 (S.D. Fla. Dec. 17, 2015) ("[T]he plaintiff must allege particular facts with respect to **each individual defendant's** participation in the fraud.") (emphasis added).

In sum, the Plaintiff must set forth in the complaint **as to each Defendant** the "who, what, when, where and how" about the fraud that took place. *Solomon v. Blue Cross & Blue Shield Ass'n*, 574 F. Supp. 2d 1288, 1293 (S.D. Fla. 2008) (dismissing RICO conspiracy claim because the allegations merely identified the entities "without elaborating about when or how those entities formed the agreement to violate RICO" and did not allege "who made the agreement, when the agreement was made, or how the Defendants made the agreement.").

---

[3] *See Am. Dental*, 605 F.3d at 1291 ("Because Plaintiffs' section 1962(c) claim is based on an alleged pattern of racketeering consisting entirely of the predicate acts of mail and wire fraud, their substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard….").

4

Here, Plaintiff has failed to plead the predicate acts of mail/wire fraud with the specificity required under Rule 9(b) because he improperly lumps RJFI and Raymond James together as "Raymond James" at the outset, *see* Compl. ¶ 11, and then continues to refer merely to "Raymond James" throughout the entire Complaint without distinguishing between the two entities.  Dismissal is warranted on this basis alone.  *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1381 (11th Cir. 1997) ("The Plaintiffs' RICO claims fall short of this [Rule 9(b)] standard. First, Plaintiffs have simply 'lumped together' all of the Defendants in their allegations of fraud."); *Joseph v. Bernstein*, No. 13–24355–CIV, 2014 WL 4101392, at *6 (S.D. Fla. Aug. 19, 2014) ("By lumping all Defendants together, Plaintiff has not 'give[n] each defendant 'fair notice' of the nature of the claim and the 'grounds' on which the [RICO] claim rests.'") (citations omitted); *Begualg Inv. Mgmt Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *3 (S.D. Fla. Sept. 23, 2011) ("Plaintiffs have lumped all Defendants together, and there is not a sufficient statement of each defendant's specific conduct.").

Plaintiff's failure to plead fraud with particularity also warrants dismissal of his claim for RICO conspiracy.  *See Solomon*, 574 F. Supp. 2d at 1293 (failure to allege facts with respect to each defendant's participation in the fraud warranted dismissal of RICO and RICO conspiracy claims).

Even if Plaintiff had not lumped RJFI and Raymond James together, Plaintiff's RICO claims would still fail for all of the reasons stated in Raymond James's Motion to Dismiss.

## CONCLUSION

Plaintiff fails to sufficiently allege facts to support any of his claims against Raymond James Financial, Inc.  For all of the foregoing reasons, Defendants Raymond James Financial, Inc., respectfully moves the Court for dismissal of Counts III, IV, V, and VI.

Dated: June 20, 2016                              Respectfully submitted,

                                                  s/ Stanley H. Wakshlag
                                                  Stanley H. Wakshlag
                                                  E-mail: swakshlag@knpa.com
                                                  Deborah S. Corbishley
                                                  E-mail: dcorbishley@knpa.com
                                                  Ryan Zagare
                                                  E-mail: rzagare@knpa.com
                                                  Janelle M. Ans
                                                  E-mail: jans@knpa.com
                                                  Kenny Nachwalter, P.A.
                                                  Four Seasons Tower
                                                  Suite 1100
                                                  1441 Brickell Avenue
                                                  Miami, FL 33131
                                                  Telephone:    (305) 373-1000
                                                  Facsimile:    (305) 372-1861
                                                  *Counsel for Defendants, Raymond James Financial, Inc. d/b/a Raymond James and Raymond James & Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this on June 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached.

                                                  s/ Stanley H. Wakshlag
                                                  Stanley H. Wakshlag

## SERVICE LIST
## US District Court, Southern District of Florida
## Case No. 16-CV-21575-FAM
*Alexandre Daccache v. Raymond James Financial, Inc.., et al.*

Harley S. Tropin
hst@kttlaw.com
Thomas A. Tucker Ronzetti
tr@kttlaw.com
Tal J. Lifshitz
tjl@kttlaw.com
Dyanne Elyce Feinberg
def@kttlaw.com
Maia Aron
ma@kttlaw.com
Rachel Sullivan
rs@kttlaw.com
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th floor
Miami, FL 33134
*Counsel for Plaintiffs*
**VIA CM/ECF**

James D. Sallah
jds@sallahlaw.com
Jeffrey L. Cox
jlc@sallahlaw.com
Joshua A. Katz
jak@sallahlaw.com
Sallah Astarita & Cox, LLC
One Boca Place
2255 Glades Road
Suite 300 E
Boca Raton, FL 33431
*Counsel for Defendant Joel Burstein*
**VIA CM/ECF**

Karen Linda Stetson
karen.stetson@gray-robinson.com
Jonathan Gaines
jonathan.gaines@gray-robinson.com
Gray Robinson P.A.
333 SE Second Avenue
Suite 3200
Miami, FL 33131

and

John S. Durrant *(pro hac vice)*
jsd@msk.com
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064-1683

Travis Meserve *(pro hac vice)*
txm@msk.com
Mitchell Silberberg & Knupp LLP
12 East 49th Street
30th Floor, New York, NY 10017
*Counsel for Defendant Ariel Quiros*
**VIA CM/ECF**