# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:16-cv-21575 –FAM/JJO

ALEXANDRE DACCACHE,
CARLOS ENRIQUE HILLER SANCHEZ, PHILIP
CALDERWOOD, JOSE ANTONIO PIETRI,
JOSE R. CASSERES-PINTO, TONGYI WANG,
JAMES B. SHAW, JOHANNES EIJMBERTS,
and LORNE MORRIS, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.

RAYMOND JAMES & ASSOCIATES, INC.,
PEOPLE'S UNITED FINANCIAL, INC.,
as successor-in-interest to Chittenden Trust Company,
PEOPLE'S UNITED BANK, ARIEL QUIROS,
WILLIAM STENGER, and JOEL BURSTEIN,

       Defendants.

_____/

## JOINT SCHEDULING REPORT

Pursuant to Federal Rule of Civil Procedure 16(b) and 26(f) and Rule 16.1(B) of the

Local Rules of the United States District Court for the Southern District of Florida,

**Plaintiffs** Alexandre Daccache, Carlos Enrique Hiller Sanchez, Philip Calderwood, Jose Antonio

Pietri, Jose R. Casseres-Pinto, Tongyi Wang, James B. Shaw, Johannes Eijmberts, and Lorne

Morris, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), and

**Defendants** Raymond James & Associates, Inc. ("Raymond James"), People's United Financial,

Inc., as successor-in-interest to Chittenden Trust Company, People's United Bank, Ariel Quiros,

William Stenger, and Joel Burstein (collectively "Defendants")

hereby file their initial Joint Scheduling Report.

In accordance with Local Rule 16.1(b)(1), the parties' counsel and Defendant Stenger met in person and via telephone on June 21, 2016,[1] and on August 31, 2016, together with counsel for Michael Goldberg, Receiver,[2] and report as follows:

## I.    REPORT OF CONFERENCE

### A.    Nature of Case

**Plaintiffs' Statement:**

Plaintiffs have filed an Amended Class Action Complaint (DE 55) against Defendants alleging that, since 2008, Ariel Quiros committed a fraud against the Limited Partners through the use of uniformly fraudulent offering materials that failed to disclose his misuse of the Limited Partnerships to operate a Ponzi scheme.  (*See* Count I for Common Law Fraud.) With actual knowledge of the investment fraud, Raymond James and one of its managers, Burstein, provided substantial financial assistance to Quiros (*see* Count II for Aiding and Abetting), as did People's United Financial, Inc. and People's United Bank (collectively, the "People's United Defendants").  (*See* Count III for Aiding and Abetting Fraud.)  After the Limited Partners were lured by fraud to make investments into the Limited Partnerships, the General Partners of the Limited Partnerships, at the insistence of Quiros and with his substantial assistance, breached fiduciary duties owed not only to the Limited Partnerships but also the Limited Partners.  (*See* Count IV for Aiding and Abetting Fiduciary Breaches.) With actual knowledge of these fiduciary breaches, Raymond James and Burstein, provided substantial financial assistance to the commission of the fiduciary breaches.  (*see* Count V for Aiding and Abetting Fiduciary

---

[1] This action was stayed from June 24, 2016 to August 8, 2016.

[2] Mr. Goldberg was appointed Receiver over the various Jay Peak and Q Burke limited partnerships (the "Limited Partnerships") in *SEC v. Quiros et al.*, Case No. 16-cv-21301-DPG (S.D. Fla.) pursuant to the Order Granting Plaintiff Securities Exchange Commission's Motion for Appointing Receiver (DE 13), dated April 13, 2016.

Breaches), as did the People's United Defendants.  *See* Count VI for Aiding and Abetting Fiduciary Breaches.) As Quiros agreed with each of Raymond James, Burstein, and the People's United Defendants to commit the foregoing misconduct, these defendants are liable for civil conspiracy.  (*See* Count VII for Civil Conspiracy.)  Stenger, as the president, director or managing member of each of the General Partners, owed a duty to exercise reasonable care to not only the Limited Partnerships but also the Limited Partners, yet he breached that duty by turning over exclusive control of the Limited Partnerships to Quiros.  (*See* Count VIII for Negligence.) The People's United Defendants, as the escrow agent for the Limited Partners, also owed a duty to exercise reasonable care in their favor, which duty the People's United Defendants breached.  (*See* Count IX for Negligence.) The People's United Defendants have also been sued for breaching fiduciary duties (see Count X) and contractual duties owed to the Limited Partners.  (*See* Count XI.) Finally, based upon the misuse by Quiros, Raymond James, and Burstein of the Limited Partnerships, the General Partners, and affiliated companies, including, Jay Construction Management, Inc., GSI of Dade County, Inc., and North East Contract Services, LLC, so as to commit a pattern of racketeering activity, including mail fraud, wire fraud, money laundering and an organized scheme of fraud that proximately caused damages to the property of the Limited Partners, the Limited Partners have sued Quiros, Raymond James, and Burstein for treble damages and other relief under Florida's Racketeer Influenced and Corrupt Organizations Act.  (See Counts XII and XIII.)

Each investor in the Limited Partnerships allegedly paid the sum of $500,000 for his or her Limited Partnership interest, plus an administrative fee, and the funds of the Limited Partnerships were commingled and misappropriated.  All of the Limited Partnership projects are in Receivership.  Thus, all investors have suffered the same *pro rata* losses.

3

On May 19, 2016, the Court granted the Motion to Appoint Interim Class Counsel by the first Class Representative, Alexandre Daccache, and appointed Harley S. Tropin as Interim Class Counsel in this Action. (DE 11.) On August 18, 2016, the Court granted Interim Class Counsel's Motion for Adoption of Case Management Protocols, and appointed Harley S. Tropin as Chair Lead Counsel along with counsel from three separate firms as part of a Plaintiffs' Steering Committee.  (DE 75.)

**<u>Defendants' Statements:</u>**

The Defendants intend to move to dismiss the Amended Complaint, and therefore are not yet in a position to describe in detail their factual and legal defenses to Plaintiffs' allegations. None of the Defendants has answered the Amended Complaint.  For that reason, they do not describe their factual and legal defenses in extensive detail.

**<u>QUIROS</u>**

Mr. Quiros broadly denies the allegations of Plaintiffs' Amended Complaint and intends to file a motion to dismiss.

Plaintiffs improperly seek to plead and prove their case through supposition and accusation rather than analysis.  The Complaint relies on conclusory accusations that Plaintiffs' funds were "not used for purposes authorized by their limited partnership agreements" and repeated accusations of a "Ponzi scheme."

However, while Plaintiffs accuse Mr. Quiros of commingling and misuse of investor funds, the relevant offering documents allowed much of the conduct of which they now complain.  Those documents fully disclosed the high-risk nature of the illiquid partnership investments at issue, afforded discretion regarding the movements of funds, and allowed

substantial payments to affiliate companies for construction and other services for the various partnerships. The Amended Complaint fundamentally fails to set forth how the presumptively sophisticated "accredited" investors were deceived or how fiduciary duties were supposedly breached. It seems clear from the governing documents that investors broadly accepted risks and gave discretion to the general partners of the partnerships in the apparent hopes of earning residency in the United States. Moreover, the first five of the eight "Phases" of the investments at issue have already been constructed in their entirety, the sixth Phase is mostly complete, and the eighth Phase is open and operating – these include some of the Phases in which the named Plaintiffs invested.

Mr. Quiros requests that this matter not be litigated based on heated rhetoric offered by the Plaintiffs, but by a reasoned and deliberative analysis of the offering documents and how the statements in those documents differed (if at all) from the truth at the time of the offerings, what actually happened after the offerings, and what projects have actually been built.

**Stenger:** Mr. Stenger did not provide a separate statement.

**Defendant Raymond James' Statement:**

Raymond James denies the allegations of the Complaint and denies that any of the claims asserted by Plaintiffs on behalf of the class belong to the class members. The claims asserted in this action against Raymond James are claims not of individual investors, but instead are claims of the limited partnership entities. Therefore the claims, if they are viable, belong to the Receiver appointed in *SEC v. Quiros*, Case No. 16-21301 (S.D. Fla.), who has filed suit against the same Defendants arising from the same events, in *Goldberg v. Raymond James Financial*, Case No. 16-21831-JAL (S.D Fla).

In any event, the allegations of each of the Complaints filed in any of the cases fail to state a legally cognizable claim against Raymond James.  Raymond James followed the directions of its clients' general partners to allow Ariel Quiros to direct the accounts and followed Quiros' directions with regard to the accounts.  Raymond James was not involved in the offering of the limited partnership interests or in the management of the entities.

Raymond James also notes that the damage disclosure made by Plaintiff's counsel is inadequate.  Raymond James has asked for computations of damages by each phase of the investment or who has actually suffered the alleged harm.  Without that information, it is difficult to assess what is actually at stake in the litigation and who has standing to make claims. Five of the six limited partnerships at Jay Peak Resort completed construction and their facilities began operating.  Phase VI is partially completed and operating.  Raymond James does not know if the Phase VII investors attribute any value to the work done on that phase and therefore cannot determine what issues will need to be discovered.  The Q Burke partnership is open and operating.  Thus, a clear computation of damages by phase, as required by Rule 26, is necessary for the parties to determine what issues to discover.

**<u>Burstein</u>**

Mr. Burstein denies the allegations in the Amended Complaint and intends to file a motion to dismiss.  Mr. Burstein adopts Raymond James' Statement as his own.

Additionally, Mr. Burstein avers that Plaintiffs have failed to articulate a connection between any action or inaction on the part of Mr. Burstein and any alleged damages incurred by Plaintiffs as a result of their investment in any Jay Peak Limited Partnership.

**People's United Financial, Inc. and People's United Bank, N.A.**

Defendants People's United Financial, Inc. ("PUFI") and People's United Bank, N.A. ("PUB", and with PUFI, "People's") deny the allegations against them in the Amended Complaint, other than that PUB acted as Escrow Agent (both in its own name, and as successor to Chittenden Trust Company) with respect to the various limited partnerships, and states that PUB fully complied with the terms of the escrow agreements.

People's intends to move to dismiss this action as against People's, including on the grounds that neither PUFI nor PUB are subject to the personal jurisdiction of this Court.  Among other things, neither PUFI nor PUB are registered to do or do business in Florida, neither have any employees in Florida, and all of the alleged conduct by People's occurred in Vermont, for projects in Vermont, pursuant to contracts with entities formed under Vermont law which expressly provide that they are to be governed by and interpreted under Vermont law.

In addition, PUFI is the parent corporation of PUB, and had no involvement in the issues presented by the Amended Complaint, and there is no basis for plaintiffs' allegation that PUFI is the successor-in-interest to Chittendton Trust Company, and thus should be dismissed as a party. Furthermore, plaintiffs' claims are time-barred under the applicable statutes of limitations and other allegations fail to properly state claims against People's, and indeed based upon the escrow agreements between PUB and plaintiffs, there is no proper allegation of any contractual breach, any breach of fiduciary duty, any negligence or any "aiding and abetting" others in their alleged misconduct.  In fact, pursuant to the terms of the escrow agreements executed by plaintiffs, PUB intends to seek from the plaintiffs its costs and expenses, including legal fees, incurred in this matter.

**B.**      **Pending Motions**

No motions are pending at the current time.  The Defendants anticipate filing motions to dismiss.

**C.**      **The Likelihood of Settlement**

The parties have not engaged in any settlement discussions.  It is premature to predict whether settlement is likely.

**D.**      **The Likelihood of Appearance in the Action of Additional Parties**

At this time, the parties do not anticipate the appearance of other parties, but they have proposed a date for amendment to add parties if appropriate.

**E.**      **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

No proposals at this time.  Defendants have not yet responded to the Amended Complaint, but they anticipate filing motions to dismiss.  If the Amended Complaint is sustained, the parties may later be in a position to submit proposals on addressing important issues in the case to simplify the issues.

**F.**      **The Necessity or Desirability of Amendment to the Pleadings**

As noted above, Defendants anticipate filing motions to dismiss.   To the extent such motions are granted, the Amended Complaint may require further amendment.  As discovery has not begun, the parties have provided for an amendment deadline below.

**G.** **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically-Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Need for Advance Rulings from the Court on Admissibility of Evidence**

Counsel anticipate good faith efforts to obtain admissions in the discovery process which will serve to limit the issues in the dispute and reduce the time needed to conduct a trial. The parties also anticipate good faith efforts to stipulate to the authenticity of documents to avoid unnecessary disputes at trial.

**H.** **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None at this time. The parties had previously proposed that the Receiver's Action be transferred to this Court, so that the matters could be coordinated, but that transfer motion was denied.

**I.** **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The Court has already referred all matters to Magistrate Judge O'Sullivan. (DE 74).

**J.** **A Preliminary Estimate of the Time Required for Trial**

At this time, the Plaintiffs estimate that trial will require 10–14 days, exclusive of jury selection. Defendants estimate that trial will require two to three weeks for the general issues and at least one week per Phase for Phase-specific issues of project completion, operation, accounting, value, alleged wrongdoing, damages, and defenses. Thus, trial is likely, in Defendants' view, to require six to eight weeks or more of trial time.

**K.** **Requested Dates or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial**

The parties submit below their joint proposal for scheduling the trial of this action. They have agreed on broad parameters for the schedule.

L.  **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

***The SEC Action and the Receivership***

On April 12, 2016, the SEC filed a civil enforcement action, *SEC v. Quiros, Stenger, Jay Peak, Inc., et al.*, No. 16-21301-CV-DPG (S.D. Fla.).  The Court appointed Michael Goldberg as Receiver for the various limited partnerships and related entities and froze Mr. Quiros's assets.  The Receivership remains in place, and the Receiver continues to operate each of the limited partnerships, except for Phase VII, which is not in operation.  Additionally, the Receiver is in possession of Mr. Quiros's and the limited partnerships' documents and records.

***Other Related Litigation***

On May 20, 2016, Michael I. Goldberg, as Receiver for various Jay Peak entities, filed an action against Raymond James, Raymond James & Associates, Inc., Quiros, and Burstein, *Goldberg as Receiver for Jay Peak, Inc., et al. v. Raymond James Financial, Inc., et al.*, No. 16-cv-21831 (S.D. Fla.) (the "Receiver Action").  Chair Lead Counsel is coordinating with the Receiver and his counsel.  Additionally, some of the Defendants have been sued in state court lawsuits filed by individual plaintiffs in Vermont and Florida and have moved to stay those actions, pending the outcome of this case.  Mr. Quiros is also a defendant in a lawsuit filed by the state of Vermont.  There were previously multiple federal class action lawsuits, but they have been voluntarily consolidated into the instant single class action.

***Foreign Witnesses and Letters Rogatory***

Defendants anticipate that there will be depositions of foreign nationals, which may require letters rogatory.  The more than 700 investors that the class proposed to represent are foreign nationals who invested in the U.S. EB-5 program with the goal of gaining permanent

10

residency in the United States; many continue to live abroad.  Additionally, there are witnesses

other than class members in Canada and South Korea, and possibly in other countries.  In

defense counsel's experience, letters rogatory can cause lengthy delays.

*Class Certification*

The named Plaintiffs seek to represent all 700 plus investors. The Defendants deny that

class certification is appropriate and intend to oppose it vigorously.  Thus, class certification is a

significant issue to be decided by the Court before trial.

*Damages*

It is Defendants' position that Plaintiffs have not yet provided Defendants with a

computation (or estimate) of their damages.

## II.    PROPOSAL FOR SCHEDULING ORDER

| Event (explanation) | Agreement of Parties | Defendants' Additional proposals |
|---|---|---|
| **Parties to Exchange Initial Disclosures** | September 14, 2016 (14 days after Aug. 31 26(f) conference). | |

| Event (explanation) | Agreement of Parties | Defendants' Additional proposals |
|---|---|---|
| **Plaintiffs' disclosure of estimated damage computations** | | October 7, 2016<br><br>(Defendants view this as necessary for determining class issues and in compliance with Rule 26.)<br><br>It is Plaintiffs' position that Plaintiffs are providing timely disclosures and supplements to disclosures in accordance with the Federal and Local Rules |
| **Defendants to respond to Amended Complaint** | September 12, 2016 for all Defendants except People's United Bank and People's United Financial, Inc.,<br><br>September 30, 2016 for Defendants People's United Bank and People's United Financial, Inc., | Mr. Quiros intends to seek an additional extension of time to respond. |
| **Amend Pleadings or add parties** | June 27, 2017, except for good cause | |
| **Plaintiffs' Motion for Class Certification** | On or before January 31, 2017[3] | |
| **Complete Rule 26 disclosures concerning experts on class certification issues** | On or before January 31, 2017 for Plaintiffs | |

[3] The Parties have agreed to confer on a proposed briefing schedule and disclosure of Defendants' experts, if any, within seven days of the filing of Plaintiff's motion for class certification. Plaintiffs acknowledge that additional time beyond what is provided by the applicable Federal and Local rules will be appropriate.

| Event (explanation) | Agreement of Parties | Defendants' Additional proposals |
|---|---|---|
| **Deadline to file Proposed Order Scheduling Mediation (setting forth the name of the mediator, and the date, time, and location of the mediation; and any agreements as to attendance).** | June 27, 2017 | |
| **Rule 26 Disclosure of Plaintiffs' Merits Experts** | November 1, 2017, with 30 days to depose | |
| **Rule 26 Disclosures of Defendants' Merits experts** | January 16, 2018, with 30 days to depose | |
| **Rebuttal Expert Reports as to newly raised matter only** | February 28, 2018, with 30 days to depose | |
| **Deadline for fact witness disclosures, no amendments without good cause** | October 4, 2017 | |
| **Deadline for completion of fact discovery** | November 15, 2017[4] | |
| **Deadline for the filing of all dispositive and Daubert motions** | March 13, 2018 | |
| **Deadline to Complete Mediation** | June 1, 2018 | 15 days before mediation disclosure of persons attending mediation |
| **Deadline for the filing of pretrial motions, including motions *in limine* (allows time for response before pretrial conference)** | June 6, 2018 | |

---

[4] The Parties may request additional specific discovery if necessary subject to stipulation or Court approval.

| Event (explanation) | Agreement of Parties | Defendants' Additional proposals |
|---|---|---|
| **Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and final pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3).** | July 9, 2018 | |
| **Deadline to file proposed jury instructions/ proposed findings of fact and conclusions of law** | July 16, 2018, before the calendar call. | |
| **Calendar Call** | The week of July 16, 2018 | |
| **Trial period commences.** (Plaintiffs believe a two week period is needed; Defendants believe a six-eight week period is needed.) | July 23, 2018 | |

## III.    OTHER RELEVANT INFORMATION

A.    The parties submit that they have taken steps to preserve relevant documents and tangible things that may be at issue in this proceeding. The parties further agree that they have taken steps necessary to preserve electronically-stored information.

B.    The parties are working together on an agreement for asserting claims of privilege or protection of trial preparation material after production. This agreement will be submitted to the Court as part of a more comprehensive protective order for its review and decision.

C.    The parties do not have a position on the use of the Manual on Complex Litigation.

D.     The parties have agreed in good faith to coordinate discovery in this case and in the Receiver's Action pending before Judge Lenard to avoid duplication of discovery. As noted above, the Receiver has taken control of the records of the various Jay Peak and Quiros entities.[5]

E.     The parties propose that Plaintiffs be permitted to take 20 depositions, and that Defendants collectively be permitted to take a total of 30 depositions. This proposal is without prejudice to the parties' ability to request additional depositions if necessary.

F.     The parties are working together on an agreement for the scheduling of depositions.

G.     The parties have discussed creating a central repository of documents and deposition transcripts.  No specific agreements have yet been reached.

H.     The parties are discussing a possible agreement whereby any documents received from third parties will be produced to all counsel subject to the parties' agreement — to be memorialized in a Court Order — for asserting claims of confidentiality, privilege or protection of trial preparation material after production.

I.     The parties have agreed to use Veritext Court Reporting for deposition court reporters and videographers, subject to their reaching a satisfactory arrangement with Veritext.

J.     Plaintiffs believe that a defense liaison counsel charged with the responsibility of coordinating with Plaintiffs' counsel on matters such as scheduling and other logistical issues would be helpful to the Parties and the Court. Defendants have not agreed to this request, and defense counsel believe that each defense counsel needs to speak for their own client.

Respectfully submitted Tuesday, September 06, 2016.

---

[5] The parties and the Receiver are discussing a protocol for production of the Jay Peak and Quiros-related records within the Receiver's control, including to address any potential privilege issues.  Mr. Quiros reserves all his rights in this regard.

| | |
|---|---|
| By: /s/ *Harley S. Tropin*<br>Harley S. Tropin, Esq.<br>Florida Bar No. 241253<br>hst@kttlaw.com<br>Thomas A. Tucker Ronzetti, Esq.<br>Florida Bar No. 965723<br>tr@kttlaw.com<br>Dyanne E. Feinberg<br>Florida Bar No. 371548<br>def@kttlaw.com<br>Rachel Sullivan, Esq.<br>Florida Bar No. 815640<br>rs@kttlaw.com<br>Maia Aron, Esq.<br>Florida Bar No. 17188<br>ma@kttlaw.com<br>Tal J. Lifshitz, Esq.<br>Florida Bar No. 99519<br>tjl@kttlaw.com<br>**KOZYAK TROPIN &**<br>**THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, FL 33134<br>Telephone:  (305) 372-1800<br>Facsimile:   (305) 372-3508<br><br>*Counsel for Plaintiffs* | By: /s/ *Paul Aiello*<br>Paul Aiello<br>Florida Bar No. 0909033<br>paiello@bennettaiello.com<br>Michael P. Bennett<br>Florida Bar No. 0775304<br>mbennett@bennettaiello.com<br>Jeremy R. Kreines<br>Florida Bar No. 101119<br>jkreines@bennettaiello.com<br>**BENNETT AIELLO**<br>The Ingraham Building, Eighth Floor<br>25 Southeast Second Avenue<br>Miami, Florida 33131<br>Telephone:     (305) 358-9011<br>Facsimile:      (305) 358-9012<br><br>*Counsel for Plaintiffs* |
| By: /s/ *Daniel C. Girard*<br>Daniel C. Girard (Admitted *Pro Hac*)<br>dcg@girardgibbs.com<br>Adam E. Polk (Admitted *Pro Hac*)<br>aep@girardgibbs.com<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, California 94108<br>Telephone: 415.981.4800<br><br>*Counsel for Plaintiffs* | By: /s/ *Kathleen M. Donovan-Maher*<br>Kathleen   M.   Donovan-Maher   (*Pro   Hac Pending*)<br>kdonovanmaher@bermandevalerio.com<br>Steven Buttacavoli (*Pro Hac Pending*)<br>sbuttacavoli@bermanvalerio.com<br>Nathaniel L. Orenstein (*Pro Hac Pending*)<br>norenstein@bermanvalerio.com<br>**BERMAN DEVALERIO**<br>One Liberty Square<br>Boston, Massachusetts 02109<br>Telephone:  (617) 542-8300<br>Facsimile:  (617) 542-1194<br><br>*Counsel for Plaintiffs* |

By: /s/ *Scott B. Cosgrove*
Scott B. Cosgrove, Esq.
scosgrove@leoncosgrove.com
James R. Bryan, Esq.
jbryan@leoncosgrove.com
Leon Cosgrove, LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33133
Telephone: (305) 740-1975
Facsimile: (305) 437-8158

David B. Gordon
dbg@msk.com
12 East 49th Street, 30th Floor
New York, NY 10017
Telephone: 212.509.3900
Facsimile: 212.509.7239

John S. Durrant
jsd@msk.com

11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: 310.312.2000
Facsimile: 310.312.3100

*Counsel for Defendant Ariel Quiros*

---

By: /s/ *Stanley H. Wakshlag*
Stanley H. Wakshlag, Esq.
swakshlag@kennynachwalter.com
Richard Critchlow, Esq.
rhc@kennynachwalter.com
Deborah S. Corbishley, Esq.
dsc@kennynachwalter.com
Ryan Zagare, Esq.
rzagare@kennynachwalter.com
Janelle Ans, Esq.
Jans@kennynachwalter.com
Kenny Nachwalter, P.A.
201 South Biscayne Boulevard,
Suite 1100
Miami, Florida 33131-4327
Telephone:      (305) 373-1000
Facsimile:      (305) 372-1861
*Counsel for Defendants Raymond James Financial, Inc. d/b/a Raymond James and Raymond James & Associates, Inc.*

By: /s/ *William Stenger*
William Stenger, Pro Se
1276 Bluff Road
Newport, Vermont
05855-9544

---

By: /s/ *Jeffrey C. Schneider*
Jeffrey C. Schneider, P.A.
jcs@lklsg.com
Jason Kellogg, Esq.
jk@lklsg.com
Marcelo Diaz-Cortes, Esq.
md@lklsg.com
Levin Kellogg Lehman Schneider + Grossman LLP
201 South Biscayne Boulevard
Miami Center, 22nd Floor
Miami, Florida 33131
Telephone:      (305) 403-8788
Facsimile:      (305) 403-8789

*Counsel for Plaintiff Michael I. Goldberg*

---

By: /s/ *James D. Sallah*
James D. Sallah, Esq.
jds@sallahlaw.com
Jeffrey L. Cox, Esq.
jlc@sallahlaw.com
Joshua A. Katz, Esq.
jak@sallahlaw.com
Sallah Astarita & Cox, LLC
One Boca Place
2255 Glades Rd., Ste. 300E
Boca Raton, Florida 33431
Telephone:      (561) 989-9080
Facsimile:      (561) 989-9020

*Counsel for Defendant Joel Burstein*

17

| | |
|---|---|
| By: /s/ Jonathan E. Minsker<br>Jonathan E. Minsker, Esq.<br>JMinsker@kasowitz.com<br>Kasowitz, Benson, Torres & Friedman LLP<br>1441 Brickell Avenue<br>Suite 1420<br>Miami, Florida 33131<br>Telephone: (786) 587-1063<br>Facsimile: (305) 397-1268<br><br><br>*Counsel for Defendants People's United Financial, Inc. and People's United Bank* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Thomas A. Tucker Ronzetti*