# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-CV-21575-FAM

ALEXANDRE DACCACHE, CARLOS
ENRIQUE HILLER SANCHEZ, PHILIP
CALDERWOOD, JOSE ANTONIO PIETRI,
JOSE R. CASSERES-PINTO, TONGYI
WANG, JAMES B. SHAW, JOHANNES
EIJMBERTS, and LORNE MORRIS, on
behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.

RAYMOND JAMES & ASSOCIATES, INC.,
PEOPLE'S UNITED FINANCIAL, INC., as
successor-in-interest to Chittenden Trust
Company, PEOPLE'S UNITED BANK,
ARIEL QUIROS, WILLIAM STENGER and
JOEL BURSTEIN,

    Defendants.
_____/

### ARIEL QUIROS'S MOTION FOR EXTENSION OF TIME
### TO RESPOND TO AMENDED CLASS ACTION COMPLAINT

Defendant Ariel Quiros, by and through undersigned counsel, respectfully moves this Court for an extension of time to file his response to the Plaintiffs' Amended Class Action Complaint ("Amended Complaint"), up to and including September 30, 2016, and states as follows:

1.    Plaintiffs filed their Amended Complaint on August 8, 2016, adding claims asserted in three related putative class actions,[1] which were voluntarily dismissed and then re-filed as part

---

[1] *See Carlos Enrique Hiller Sanchez v. Raymond James & Associates, Inc., et al.*, Case No. 16-cv-21643-KMW (S.D. Fla.); *Jose R. Casseres-Pinto v. Ariel Quiros, et al.*, Case No. 16-cv-

of this action.  The Amended Complaint is substantially different than the initial Complaint.

2.     The initial deadline for Mr. Quiros to respond to the Amended Complaint was extended from August 26, 2016, to September 12, 2016 (*see* DE 85, 88).

3.     Mr. Quiros's counsel has been working diligently on the response to the Amended Complaint, but due to the briefing deadlines in multiple related litigations and the complexity of the issues and claims asserted in the Amended Complaint, Mr. Quiros's counsel requires additional time to prepare a response.

4.     Accordingly, Mr. Quiros requests an enlargement of time until September 30, 2016 to file his response to the Amended Complaint.

5.     There is no harm to any party in granting this requested extension.  Discovery will proceed, and there will be no delay of any proposed discovery deadlines.  Moreover, Plaintiffs have already agreed to the same September 30, 2016 deadline with respect to Defendant People's United Bank, N.A. (*see* DE 91, 92).

6.     A proposed order granting the relief sought herein is attached.

WHEREFORE, Defendant Ariel Quiros respectfully moves this Court for the entry of an order granting this motion for extension of time to file a response to the Amended Complaint on or before September 30, 2016.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Defendant Ariel Quiros certifies that Mr. Quiros's counsel made good faith attempts to resolve by agreement the issues raised in this motion, but was unable to do so.

Specifically, in mid-August, Mr. Quiros's counsel requested an extension of time to

---

22209-DPG (S.D. Fla.); and *James B. Shaw et al. v. Raymond James Financial, Inc. et al.*, Case No. 16-cv-00129-gwc (D. Vt.).

respond to the Amended Complaint, until September 30, 2016, in large part because Mr. Quiros's counsel would be working on the Reply to the SEC's 30-page Opposition to Mr. Quiros's Motion to Dismiss in the related SEC action, due on September 2, 2016.

Tal Lifshitz (Plaintiffs' counsel) refused this request, stating that Raymond James had already agreed to a September 12, 2016 response date, and thus Mr. Quiros's extension would also be limited to September 12. Counsel for Mr. Quiros, however, had not been privy to Plaintiffs' counsel's discussions, or agreement, with Raymond James. This is not the first time in this case that Plaintiff has tried to unilaterally impose agreements with others upon Mr. Quiros.

After follow-up discussions with Mr. Quiros's counsel, David Gordon, Plaintiffs' counsel asked that counsel for Mr. Quiros preliminarily agree to a response date of September 12, 2016, with an understanding that counsel for Plaintiffs would not oppose an extension to September 19, 2016 if counsel for Mr. Quiros said, on September 1, that they needed more time. On September 1, counsel for Mr. Quiros notified Mr. Lifshitz that they needed more time.

From the time of the agreement between Mr. Gordon and Mr. Lifshitz and September 1 *only one thing changed*: Mr. Quiros became aware that counsel for Plaintiff had sought the private financial records of Mr. Quiros, without giving him a proper opportunity to object. Specifically, Plaintiffs had issued subpoenas on June 22, 2016 to multiple financial institutions *two days* before this Court stayed the case. The subpoenas sought certain private financial records and indicated a response date of July 20, 2016 – *i.e.*, during the pendency of the stay of this Matter.

After clarifying that there were no other subpoenas issued since June 22, Mr. Gordon asked counsel for Plaintiffs whether: (i) they advised the subpoenaed parties of the stay; or (ii) they collected documents during the stay. Counsel for Plaintiffs have refused to respond.

It appears likely, then, that Plaintiffs did not contact the subpoenaed parties and notify them

of the stay and proceeded to collect documents during the stay.  Plaintiffs had no right to use the authority of this Court to gather information when the case was closed.

Counsel for Plaintiffs waited until the close of business on September 2 (the day before the Labor Day weekend), to indicate that they would refuse to the enlargement of time to September 19.  Specifically, Mr. Lifshitz sent an e-mail imposing new conditions to an enlargement that previously did not exist:  unless and until Counsel for Mr. Quiros agreed to drop their objections to Plaintiffs' use of third-party subpoenas to gather information while the case was stayed, and consented to the disclosure of the sensitive financial documents produced in response to the subpoenas to Raymond James, there would be no additional seven-day extension.

Mr. Quiros's counsel reserves all rights with regard to the third-party subpoena issue, without foreclosing the possibility of resolving it in good faith.  However, Plaintiffs use of a ***completely unrelated discovery dispute*** as leverage against a modest request for an extension is unprofessional, and should not be rewarded.  Consequently, this motion is opposed.

Dated:  September 7, 2016                    Respectfully submitted,

By: *s/ Scott B. Cosgrove*
   Scott B. Cosgrove
    Florida Bar No. 161365
   James R. Bryan
    Florida Bar No.  696862
   **León Cosgrove, LLC**
   255 Alhambra Circle, Suite 800
   Coral Gables, Florida 33133
   Telephone: (305) 740-1975
   Facsimile:  (305) 437-8158
   Email:  scosgrove@leoncosgrove.com
   Email:  jbryan@leoncosgrove.com
   Email:  anoonan@leoncosgrove.com

      *AND*

David B. Gordon
Travis Meserve
(Admitted Pro Hac Vice)
12 East 49th Street, 30th Floor
New York, NY 10017
Telephone: 212.509.3900
Facsimile: 212.509.7239
Email:  dbg@msk.com
Email:  txm@msk.com

John Durrant
 (Admitted Pro Hac Vice)
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: 310.312.2000
Facsimile: 310.312.3100
Email:  jsd@msk.com

*Counsel for Defendant Ariel Quiros*

## CERTIFICATE OF SERVICE

I hereby certify that on this on September 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached.

*s/ Scott B. Cosgrove*
Scott B. Cosgrove

## SERVICE LIST
## US District Court, Southern District of Florida
## Case No. 16-CV-21575-FAM

*Alexandre Daccache v. Raymond James Financial, Inc., et al.*

Harley S. Tropin
hst@kttlaw.com
Thomas A. Tucker Ronzetti
tr@kttlaw.com
Tal J. Lifshitz
tjl@kttlaw.com
Dyanne Elyce Feinberg
def@kttlaw.com
Maia Aron
ma@kttlaw.com
Rachel Sullivan
rs@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON, P.A.**
2525 Ponce de Leon Blvd., 9th floor
Miami, FL 33134

*Counsel for Plaintiffs*

Daniel C. Girard
dcg@girardgibbs.com
Adam E. Polk
aep@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108

*Co-Counsel for Plaintiffs*

Paul Aiello
paiello@bennettaiello.com
Michael P. Bennett
mbennett@bennettaiello.com
Jeremy R. Kreines
jkreines@bennettaiello.com
**BENNETT AIELLO**
The Ingraham Building, Eighth Floor
25 Southeast Second Avenue
Miami, Florida 33131

*Co-Counsel for Plaintiffs*

Kathleen M. Donovan-Maher)
kdonovanmaher@bermandevalerio.com
Steven Buttacavoli
sbuttacavoli@bermandevalerio.com
Nathaniel L. Orenstein
norenstein@bermandevalerio.com
**BERMAN DEVALERIO**
One Liberty Square
Boston, Massachusetts 02109

*Co-Counsel for Plaintiffs*

| | |
|---|---|
| Stanley H. Wakshlag<br>swakshlag@knpa.com<br>Deborah S. Corbishley<br>dcorbishley@knpa.com<br>Ryan Zagare<br>rzagare@knpa.com<br>Janelle M. Ans<br>jans@knpa.com<br>**KENNY NACHWALTER, P.A.**<br>Four Seasons Tower,<br>Suite 1100<br>1441 Brickell Avenue<br>Miami, FL 33131<br><br>*Counsel for Defendants, Raymond James Financial, Inc. d/b/a Raymond James and Raymond James & Associates, Inc.* | James D. Sallah<br>jds@sallahlaw.com<br>Jeffrey L. Cox<br>jlc@sallahlaw.com<br>Joshua A. Katz<br>jak@sallahlaw.com<br>**SALLAH ASTARITA & COX, LLC**<br>One Boca Place<br>2255 Glades Road<br>Suite 300 E<br>Boca Raton, FL 33431<br><br>*Counsel for Defendant Joel Burstein* |
| William Stenger<br>1276 Bluff Road<br>Newport, Vermont<br>Jean P. Nogues 05855-9544 | Jonathan E. Minsker<br>jminsker@kasowitz.com<br>Maria H. Ruiz<br>mruiz@kasowitz.com<br>KASOWITZ BENSON TORRES & FRIEDMAN LLP<br>1441 Brickell Avenue<br>Suite 1420<br>Miami, FL 33131<br><br>*Counsel for Defendants People's United Financial, Inc., and People's United Bank, N.A.* |

*s/ Scott B. Cosgrove*
Scott B. Cosgrove