UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CV-21575-MORENO/O'SULLIVAN

ALEXANDRE DACCACHE, CARLOS
ENRIQUE HILLER SANCHEZ, PHILIP
CALDERWOOD, JOSE ANTONIO PIETRI,
JOSE R. CASSERES-PINTO, TONGYI WANG,
JAMES B. SHAW, JOHANNES EIJMBERTS,
and LORNE MORRIS, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

RAYMOND JAMES & ASSOCIATES, INC.,
PEOPLE'S UNITED FINANCIAL, INC.,
as successor-in-interest to Chittenden Trust Company,
PEOPLE'S UNITED BANK, ARIEL QUIROS,
WILLIAM STENGER, and JOEL BURSTEIN,

    Defendants.
_____/

## ORDER FOLLOWING DISCOVERY CONFERENCE

**THIS CAUSE** came before the Court for hearing on October 20, 2016, at a discovery conference pursuant to Federal Rule of Civil Procedure 16. After hearing from the parties and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Depositions shall proceed in the *Daccache* action commencing February 1, 2017, and not earlier. Deposition scheduling, however, may start immediately as provided herein.

2.    The following protocols shall govern the *Daccache* action subject to relief, if necessary, from the Court, upon motion and good cause shown.

3. Any counsel to a party in the *Daccache* action ("*Daccache* Party's Counsel") can request a deposition on a date certain. Absent exigent circumstances, such requests shall be made at least 30 days in advance of the requested deposition date and the request shall be made to all counsel at the same time, so that calendar conflicts of all counsel may be addressed.

4. If the requesting *Daccache* Party's Counsel receives no response to the requested deposition date or no reasonable alternative date(s) per Paragraph 5 below within seven days of the initial request, the deposition shall go forward on the initially requested date absent good cause shown.

5. Any timely response to the initially requested deposition date shall include proposed reasonable alternative dates for the deposition to proceed that ensure the witness's attendance and the availability of all *Daccache* Party's Counsel.

6. *Daccache* Party's Counsel may choose the order of their depositions in harmony with Federal Rule of Civil Procedure 26(d)(3), and absent good cause shown no deposition shall be delayed because of the pendency of other actions.

7. Counsel from actions other than the *Daccache* action ("Other Counsel") shall be provided with notice of all depositions by the noticing party and invited by any *Daccache* Party's Counsel to attend depositions conducted in the *Daccache* action to promote efficiency and avoid duplicative discovery, and may be permitted to ask nonduplicative questions following questioning by the *Daccache* Party's Counsel; but the time of Other Counsel will not count against the time limitations of the *Daccache* Party's Counsel, and the availability or attendance of Other Counsel is not necessary for a deposition to go forward. Other Counsel shall be permitted up to a maximum of 2 hours for each separate action to ask non-duplicative questions in depositions not noticed by that party. Depositions may be noticed for 2 consecutive days, to

allow sufficient time for counsel to ask non-duplicative questions, and for cross-examination by counsel for parties other than the noticing party.

8. To the extent permitted by the courts in their cases, Other Counsel may use the depositions taken in the *Daccache* action. The Parties have already agreed to such coordinated use in the *Daccache* action and the *Receiver's* action, *Goldberg v. Raymond James & Associates, Inc. et al.*, No. 16-cv-21831-JAL (S.D. Fla.).

9. This order shall be without prejudice to any other requirements that may be imposed on Other Counsel in the other actions.

10. All Other Counsel must abide by the terms of the Stipulated Confidentiality and Protective Order entered in the *Daccache* action [DE 106].

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida on this 25th day of October, 2016.

JOHN J. O'SULLIVAN
United States Magistrate Judge

Copies furnished to:
All counsel of record
Jeff Schneider, *counsel for the Receiver*