UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CV-21575-MORENO/O'SULLIVAN

ALEXANDRE DACCACHE, CARLOS
ENRIQUE HILLER SANCHEZ, PHILIP
CALDERWOOD, JOSE ANTONIO PIETRI,
JOSE R. CASSERES-PINTO, TONGYI WANG,
JAMES B. SHAW, JOHANNES EIJMBERTS,
and LORNE MORRIS, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

RAYMOND JAMES & ASSOCIATES, INC.,
PEOPLE'S UNITED FINANCIAL, INC.,
as successor-in-interest to Chittenden Trust Company,
PEOPLE'S UNITED BANK, ARIEL QUIROS,
WILLIAM STENGER, and JOEL BURSTEIN,

    Defendants.
_____/

**PLAINTIFFS' NOTICE OF NON-OBJECTION TO DEFENDANT
ARIEL QUIROS'S REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS
INCORPORATED IN THE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Quiros's Request for Judicial Notice of Documents Incorporated in the Plaintiffs' Amended Class Action Complaint ("Request for Judicial Notice") [D.E. 115], provides offering documents and other voluminous exhibits that help *prove* rather than disprove the Plaintiffs' fraud-based claims. Despite asking the Court to take judicial notice of 42 exhibits comprising 2,343 pages, Quiros fails to point to a single disclosure of the mechanics of the Jay Peak fraudulent scheme. Accordingly, as explained below, the Plaintiffs do not object to the Request for Judicial Notice, though the evidentiary impact of the judicially-noticed documents requires careful explanation.

The Request for Judicial Notice attaches the offering materials for the Limited Partnerships at issue. The Plaintiffs do not dispute that, as a matter of law, the Court may consider those documents on a motion to dismiss, for what they are worth. *See Horley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002) (court may consider document attached to a motion to dismiss if it is central

to the plaintiff's claim and the authenticity of the document is not challenged).  At the same time, the documents are hearsay, and the statements they contain cannot be taken as true.  *See* Fed. R. Evid. 801(c); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001) (explaining statements in a judicial opinion, over which the district court had taken judicial notice, were hearsay); *Shahar v. Bowers,* 120 F.3d 211, 214 (11th Cir. 1997) (en banc) ("The taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court.").  Because the statements contained in Quiros's judicially-noticed documents cannot be taken as truthful – and certainly should not be, given Quiros's fraud – they do not advance Quiros's position.

At the same time, the judicially-noticed documents in fact support the Plaintiffs' claims. As Plaintiffs pointed out in their Response to Quiros's Motion to Dismiss, Quiros fails to point to a single disclosure of the critical facts that Quiros intended to fund his purchase of the Jay Peak and Q Burke resorts with investor funds, to commingle investor funds among bank and brokerage accounts, to use funds from one phase to pay margin loans taken out by another phase, or to purchase personal items such as a luxury apartment at Trump Place in New York City.  (Pls.' Resp. at 14-15) [D.E. 129].  Quiros concedes as much.  (Quiros's Reply in Support of Motion to Dismiss at 3 ("[N]o offering document would ever disclose a plan to misappropriate money.")) [D.E. 138]. The judicially-noticed documents thus constitute common evidence of the fraud claims that led to direct injuries to the Plaintiffs, and so are their direct claims.  *See, e.g.*, *Medsker v. Feingold*, 307 F. App'x 262, 265 (11th Cir. 2008) ("The claims involve direct injuries sustained by these plaintiffs based their own reliance on fraudulent statements and misrepresentations made to them. . . . The corporate entity could not bring suit to recover the investment that these plaintiffs made relying on the fraudulent actions of the defendants; thus, these claims may be maintained in this direct action.").

Thus, although Plaintiffs do not oppose the Request for Judicial Notice, there is no need for the Court to parse through the thousands of pages of documents that Quiros attaches to his Request for Judicial Notice because they indisputably do not contain facts that support dismissal of the Amended Complaint.

Respectfully submitted,

Paul Aiello, Esq.  
Florida Bar No. 0909033  
paiello@bennettaiello.com  
Michael P. Bennett, Esq.  
Florida Bar No. 0775304  
mbennett@bennettaiello.com  
Jeremy R. Kreines, Esq.  
Florida Bar No. 101119  
jkreines@bennettaiello.com  
**BENNETT AIELLO**  
The Ingraham Building, Eighth Floor  
25 Southeast Second Avenue  
Miami, Florida 33131  
Telephone:    (305) 358-9011  
Facsimile:     (305) 358-9012  

*Counsel for Plaintiffs*

/s/Thomas A. Tucker Ronzetti  
Thomas A. Tucker Ronzetti, Esq.  
Florida Bar No. 965723  
tr@kttlaw.com  
Harley S. Tropin, Esq.  
Florida Bar No. 241253  
hst@kttlaw.com  
Dyanne E. Feinberg  
Florida Bar No. 371548  
def@kttlaw.com  
Rachel Sullivan, Esq.  
Florida Bar No. 815640  
rs@kttlaw.com  
Maia Aron, Esq.  
Florida Bar No. 17188  
ma@kttlaw.com  
Tal J. Lifshitz, Esq.  
Florida Bar No. 99519  
tjl@kttlaw.com  
**KOZYAK TROPIN & THROCKMORTON LLP**  
2525 Ponce de Leon Blvd., 9th Floor  
Coral Gables, FL 33134  
Telephone:  (305) 372-1800  
Facsimile:   (305) 372-3508  

*Counsel for Plaintiffs*

Daniel C. Girard, Esq.  
dcg@girardgibbs.com  
Adam E. Polk, Esq.  
aep@girardgibbs.com  
**GIRARD GIBBS LLP**  
601 California Street, 14th Floor  
San Francisco, California 94108  
Telephone: 415.981.4800  

*Counsel for Plaintiffs*

Kathleen M. Donovan-Maher, Esq.  
kdonovanmaher@bermandevalerio.com  
Steven Buttacavoli, Esq.  
sbuttacavoli@bermandevalerio.com  
Mark A. Delaney, Esq.  
mdelaney@bermandevalerio.com  
Nathaniel L. Orenstein, Esq.  
norenstein@bermandevalerio.com  
**BERMAN DEVALERIO**  
One Liberty Square  
Boston, Massachusetts 02109  
Telephone:  (617) 542-8300  
Facsimile:  (617) 542-1194  

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 14, 2016, on all counsel of record via the manner stated in the service list below.

By: /s/*Thomas A. Tucker Ronzetti*

**SERVICE LIST**

| **Via CM/ECF**<br><br>**Counsel for Raymond James & Associates, Inc.**<br>Stanley H. Wakshlag, Esq.<br>Swakshlag@knpa.com<br>Deborah Sampieri Corbishley, Esq.<br>Dcorbishley@kennynachwalter.com<br>Janelle M. Ans, Esq.<br>Jherrera@knpa.com<br>Ryan C. Zagare, Esq.<br>Rzagare@knpa.com<br>Kenny Nachwalter, P.A.<br>Four Seasons Tower, Suite 1100<br>1441 Brickell Avenue<br>Miami, FL 33131 | **Via CM/ECF**<br><br>**Counsel for Joel Burstein**<br>James D. Sallah, Esq.<br>jds@sallahlaw.com<br>Jeffrey L. Cox, Esq.<br>jlc@sallahlaw.com<br>Joshua A. Katz, Esq.<br>Jak@sallahlaw.com<br>Sallah Astarita & Cox, LLC<br>One Boca Place<br>2255 Glades Road<br>Suite 300 E<br>Boca Raton, FL 33431 |
|---|---|
| **Via CM/ECF**<br><br>**Counsel for Ariel Quiros**<br>David B. Gordon, Esq.<br>dbg@msk.com<br>Travis Meserve, Esq.<br>txm@msk.com<br>12 East 49th Street, 30th Floor<br>New York, NY 10017<br>Mitchell Silberberg & Knupp LLP<br><br>John S. Durrant, Esq.<br>jsd@msk.com<br>11377 West Olympic Boulevard<br>Los Angeles, CA 90064-1683<br>Mitchell Silberberg & Knupp LLP<br><br>Scott B. Cosgrove<br>scosgrove@leoncosgrove.com<br>James R. Bryan<br>jbryan@leoncosgrove.com<br>León Cosgrove, LLC<br>255 Alhambra Circle, Suite 800<br>Coral Gables, Florida 33133 | **Via U.S. Mail**<br><br>**William Stenger,** *pro se*<br>William Stenger<br>1276 Bluff Road<br>Newport, Vermont 05855-9544<br><br>**Via CM/ECF**<br><br>**Counsel for People's United Financial, Inc. and People's United Bank, N.A**<br><br>Jonathan E. Minsker, Esq.<br>jminsker@kasowitz.com<br>Maria H. Ruiz, Esq.<br>MRuiz@kasowitz.com<br>James J. Stricker, Esq.<br>Jstricker@kasowitz.com<br>Kasowitz, Benson, Torres & Friedman LLP<br>Four Seasons Tower<br>1441 Brickell Avenue, Suite 1420<br>Miami, Florida 33131 |

10A8669

5