UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:16-cv-21575-FAM

ALEXANDRE DACCACHE, on
behalf of himself and all others
similarly situated,

       Plaintiffs,

v.

RAYMOND JAMES FINANCIAL, INC., et al.,

       Defendants.
_____/

## DEFENDANT PEOPLE'S UNITED FINANCIAL, INC. AND PEOPLE'S UNITED BANK, N.A.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants People's United Financial, Inc. and People's United Bank, N.A. (collectively, "People's") hereby give notice that the Eleventh Circuit Court of Appeals, in an unpublished decision (a copy of which is attached), has affirmed the decision of the Middle District of Florida in *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238 (M.D. Fla. 2013), which People's cited in its memorandum of law in support of its motion to dismiss the complaint in this action.

Dated: January 31, 2017

                                 KASOWITZ, BENSON, TORRES
                                      & FRIEDMAN LLP
                                 1441 Brickell Avenue, Suite 1420
                                 Miami, Florida 33131
                                 Phone:  (305) 377-1666
                                 Fax:    (305) 377-1664
                                 Attorneys for Defendants People's United Financial, Inc., and
                                 People's United Bank, N.A.


                                 By:/s/   Jonathan E. Minsker
                                      Jonathan E. Minsker
                                      Florida Bar No. 38120

jminsker@kasowitz.com

2

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of Defendants People's United Financial, Inc. and People's United Bank Notice of Supplemental Authority was served on this date, January 31, 2017, via ECF, to counsel of record listed on the attached Service List.

By:/s/  Jonathan E. Minsker
Jonathan E. Minsker

**SERVICE LIST**

| | |
|---|---|
| Harley S. Tropin<br>hst@kttlaw.com<br>Thomas A. Tucker Ronzetti<br>tr@kttlaw.com<br>Tal J. Lifshitz<br>tjl@kttlaw.com<br>Dyanne Elyce Feinberg<br>def@kttlaw.com<br>Maia Aron<br>ma@kttlaw.com<br>Rachel Sullivan<br>rs@kttlaw.com<br>**KOZYAK TROPIN & THROCKMORTON, P.A.**<br>2525 Ponce de Leon Blvd., 9th floor<br>Miami, FL 33134<br><br>*Counsel for Plaintiffs* | Paul Aiello<br>paiello@bennettaiello.com<br>Michael P. Bennett<br>mbennett@bennettaiello.com<br>Jeremy R. Kreines<br>jkreines@bennettaiello.com<br><br>**BENNETT AIELLO**<br>The Ingraham Building, Eighth Floor 25 Southeast Second Avenue Miami, Florida 33131<br><br>*Co-Counsel for Plaintiffs* |
| Daniel C. Girard<br>dcg@girardgibbs.com<br>Adam E. Polk<br>aep@girardgibbs.com<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, California 94108<br><br>*Co-Counsel for Plaintiffs* | Kathleen M. Donovan-Maher*)*<br>kdonovanmaher@bermandevalerio.com<br>Steven Buttacavoli<br>sbuttacavoli@bermanvalerio.com Nathaniel L. Orenstein<br>norenstein@bermanvalerio.com<br>**BERMAN DEVALERIO**<br>One Liberty Square<br>Boston, Massachusetts 02109<br><br>*Co-Counsel for Plaintiffs* |
| Stanley H. Wakshlag<br>swakshlag@knpa.com<br>Deborah S. Corbishley<br>dcorbishley@knpa.com<br>Ryan Zagare<br>rzagare@knpa.com<br>Janelle M. Ans<br>jans@knpa.com<br>**KENNY NACHWALTER, P.A.**<br>Four Seasons Tower, Suite 1100<br>1441 Brickell Avenue<br>Miami, FL 33131 | James D. Sallah<br>jds@sallahlaw.com<br>Jeffrey L. Cox<br>jlc@sallahlaw.com<br>Joshua A. Katz<br>jak@sallahlaw.com<br>**SALLAH ASTARITA & COX, LLC**<br>One Boca Place<br>2255 Glades Road<br>Suite 300 E<br>Boca Raton, FL 33431<br><br>*Counsel for Defendant Joel Burstein* |

4

| | |
|---|---|
| *Counsel for Defendants, Raymond James Financial, Inc. d/b/a Raymond James and Raymond James & Associates, Inc.* | |
| John S. Durant, Esq.<br>David B. Gordon, Esq.<br>**MITCHELL SILBERBERG & KNUPP, LLP**<br>11377 West Olympic Blvd<br>Los Angeles, CA 90064-1683<br><br>*Counsel for Ariel Quiros* | Scott B. Cosgrove, Esq.<br>**LEON COSGROVE, LLC**<br>255 Alhambra Circle, Suite 800<br>Coral Gables, FL 33133<br><br>*Counsel for Ariel Quiros* |

00



2 of 332 DOCUMENTS

**BURTON W. WIAND, as Court-Appointed Receiver for Scoop Real Estate, L.P., et al., Plaintiff-Appellant, versus WELLS FARGO BANK, N.A., INC., as Successor-in-interest to Wachovia Bank, N.A., Defendant-Appellee.**

No. 15-10968

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

*2017 U.S. App. LEXIS 1397*

**January 26, 2017, Decided**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1] Appeal from the United States District Court for the Middle District of Florida. D. C. Docket No. 8:12-cv-00557-JDW-EAJ.

**COUNSEL:** For BURTON W. WIAND, Plaintiff - Appellant: Terry A. Smiljanich, Christopher Craig Casper, Sean P. Keefe, James Hoyer Newcomer & Smiljanich, PA, TAMPA, FL.

For WELLS FARGO BANK N.A. INC., as Successor-in-interest to Wachovia Bank, N.A., Defendant - Appellee: Marie Tomassi, Dale W. Cravey, Beth Anne Cronin, Trenam Kemker, SAINT PETERSBURG, FL; Marvin E. Barkin, Richard M. Hanchett, Charles M. Harris, Jr., George E. Nader, Trenam Kemker, TAMPA, FL.

**JUDGES:** Before TJOFLAT and MARCUS, Circuit Judges, and STEELE[*], District Judge.

> [*] Honorable John E. Steele, Senior United States District Judge for the Middle District of Florida, sitting by designation.

**OPINION**

PER CURIAM:

I.

Arthur Nadel (Nadel) perpetrated a Ponzi scheme between 1999 and 2009 using six hedge funds: Scoop Real Estate, L.P. (SRE), Valhalla Investment Partners, L.P., Victory Fund, Ltd., Victory IRA Fund, Ltd., Viking Fund, LLC, and Viking IRA Fund, LLC. During the course of the Ponzi scheme, Nadel raised, and stole, millions of dollars from investors by virtue of the hedge funds. Nadel's scheme was eventually discovered in 2009. He was indicted and plead guilty to six counts of securities fraud, one count of mail fraud, and seven counts of wire fraud. [*2] In a related case, Burton Wiand, Esq. (Receiver) was appointed as receiver for the six hedge funds. SEC v. Nadel, No. 8:09-cv-87-RAL-TBM (M.D. Fla. Jan. 21, 2009) (order appointing receiver).

Nadel was the investment advisor to all six of the hedge funds, and also the general partner of Victory Fund, LLC, Victory IRA Fund, Ltd., and Scoop Real Estate, L.P.[1] Two of the hedge funds, Scoop Real Estate, L.P. and Victory Fund, LLC, were customers of SouthTrust Bank, which merged with Wachovia Bank, and eventually with Wells Fargo Bank, N.A. (Wells Fargo). Nadel opened a number of accounts at Wells Fargo, including two personal accounts designated as d/b/a accounts for Valhalla Investment Partners, L.P. and Viking Fund, LLC. The d/b/a accounts were opened without authorization on behalf of Valhalla Investment Partners, L.P. and Viking Fund, LLC and played an integral role in Nadel's Ponzi scheme.

> 1 Scoop Capital, LLC is listed as the general partner in the private placement memoranda. The private placement memoranda state that Arthur Nadel, as President of Scoop Capital, LLC, was

responsible for the day to day investment decisions of the hedge funds.

Wells Fargo invested in two of the hedge funds pursuant to a separate and unrelated option contract. Pursuant to these investments, which were redeemed due to the hedge funds' inability to produce audited financials, Wells Fargo came into the possession of private placement memoranda and executive **[*3]** summaries that indicated high rates of return. Between 2001 and 2008, Wells Fargo issued loans to Nadel and his entities. As part as the loan qualification process, Wells Fargo obtained information regarding Nadel's relationship to the hedge funds and the business structure of the hedge funds.

The Receiver filed this action on behalf of the six hedge funds[2] in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida against Wells Fargo, N.A. and Timothy Ryan Best (Best)[3] alleging that Wells Fargo was on notice of Nadel's diversion of the hedge funds' monies and, as such, is liable to them. Wells Fargo and Best removed the matter to the United States District Court for the Middle District of Florida, Tampa Division, on the basis of diversity jurisdiction under *28 U.S.C. § 1332* and federal question jurisdiction under *28 U.S.C. § 1348*. The Notice of Removal alleged that Best had been fraudulently joined in the action in an effort to destroy diversity jurisdiction. After removal, Receiver moved to remand the action to state court. The District Court denied the motion to remand, finding subject-matter jurisdiction under *28 U.S.C. § 1348*.

> 2   During the course of the proceedings, the claims on behalf of Viking IRA Fund, LLC, Valhalla Investment Partners, L.P., and Victory IRA Fund, Ltd. were dismissed.
> 3   Best is a former employee of Wells Fargo.

Prior to the District Court's ruling on Wells Fargo's summary judgment **[*4]** motion, Receiver stipulated to the dismissal of Best. On February 9, 2015, the District Court granted Wells Fargo's motion for summary judgment as to the Receiver's remaining claims of negligence, under the Florida Uniform Fraudulent Transfers Act (FUFTA), and unjust enrichment. Receiver timely appealed the District Court's Order under *28 U.S.C. § 1291*. Receiver asserts that the District Court did not have subject-matter jurisdiction, erred in finding no duty owed to customers and non-customers, and erred in finding that Wells Fargo was not an initial transferee or, alternatively, that Wells Fargo was entitled to the mere conduit defense to the FUFTA claim.

A.

The District Court found no need to conduct an analysis of diversity jurisdiction due to its finding of federal question jurisdiction under *28 U.S.C. § 1348*. On appeal, the parties dispute whether there is jurisdiction over this matter under *28 U.S.C. § 1348*. While at the time of removal there was not complete diversity among the parties due to defendant Best's presence in the litigation, it is undisputed that Best was dismissed as a defendant prior to the entry of summary judgment. Accordingly, there was complete diversity, and therefore subject-matter jurisdiction, at the **[*5]** time summary judgment was entered. *Caterpillar, Inc. v. Lewis, 519 U.S. 61, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)* (declining to vacate judgment where jurisdictional defect was cured prior to entry of judgment).

B.

Receiver also challenges on appeal the District Court's grant of summary judgment in favor of Wells Fargo as to Receiver's claims of negligence and under FUFTA. This Court has extensively reviewed the District Court's decision, the underlying record, the parties' briefs, and the supplemental authority filed by appellant, and had the benefit of oral argument, and agrees with the District Court's decision.

For the reasons stated, the judgment of the District Court is **Affirmed**.